IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHERYL BRITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3210 |
| ) | |
| JESSIE WHITE, Secretary of State ) | |
| Vehicle Services, and ) | |
| JANET RUSSELL, ) | |
| ) | |
| Defendants. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendants' Motion to Dismiss (d/e 8). Plaintiff Cheryl Britz's pro se Complaint (d/e 2) alleges that she suffered employment discrimination that is prohibited under Title VII of the Civil Rights Act of 1964 (Title VII) while she was an employee of the Office of the Illinois Secretary of State. See 42 U.S.C. § 2000e-5. Specifically, Plaintiff asserts that she was subjected to several instances of sexual harassment by Defendant Janet Russell, who was Plaintiff's supervisor.

1

Defendant Jesse White is the Illinois Secretary of State.[1] Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion to Dismiss is allowed, in part, and denied, in part.

A Rule 12(b)(6) motion to dismiss for failure to state a claim requires the Court to consider the allegations in the light most favorable to the plaintiff and to accept all well-pleaded facts as true. Cole v. U.S. Capital, 389 F.3d 719, 724 (7th Cir. 2004). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle her to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Defendants assert that Plaintiff's Complaint should be dismissed because no individual liability exists under Title VII. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. The correct defendant in a Title VII case is the employer.

---

[1] The Court notes that the Complaint incorrectly identifies White as "Jessie White."

A supervisor in his or her individual capacity does not fall within Title VII's definition of employer and, therefore, Title VII does not impose individual liability on such an individual for acts which violate the statute. See Williams v. Banning, 72 F.3d 552 (7th Cir. 1995). Therefore, Plaintiff's claims against Russell and any claims she seeks to raise against Defendant White in his individual capacity must be dismissed because Plaintiff can allege no set of facts which would allow her recovery under Title VII.

Federal pleading requirements, however, require a liberal construction of a pro se litigant's complaint. Plaintiff names as a Defendant "Jessie White – Secretary of State Vehicle Services." On page 5 of the Complaint, Plaintiff identifies as a Defendant the Secretary of State as an entity. Moreover, Britz's Charge of Discrimination, which is attached to the Complaint, was brought against the Illinois Secretary of State. Under a liberal reading of the Complaint, Britz alleges claims against her employer, Jesse White, in his official capacity as the Secretary of State. Such claims fall within the scope of Title VII. Therefore, Defendants' request to dismiss the Complaint in full is denied.

THEREFORE, Defendants' Motion to Dismiss (d/e 8) is ALLOWED, in part, and DENIED, in part. Defendant Russell is dismissed as a party to

this lawsuit. Any claims against Defendant White in his individual capacity are dismissed. The Motion to Dismiss is DENIED in all other respects.

IT IS THEREFORE SO ORDERED.

ENTER: January 8, 2007.

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE